IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
JOSEPH M. RIZZO,                )
                                )
            Plaintiff,          )
                                )
      v.                        )    No.  10 C 5855
                                )
DuPAGE COUNTY, et al.,          )
                                )
            Defendants.         )
```

MEMORANDUM ORDER

Joseph Rizzo ("Rizzo") has submitted a one-page self-prepared Complaint against DuPage County ("County") and the City of Wheaton ("Wheaton"), seeking to invoke 42 U.S.C. §1983 ("Section 1983"). Rizzo has accompanied his Complaint with two filled-out forms made available to pro se litigants: an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion"). This memorandum order is issued sua sponte, because any grant of in forma pauperis status requires the plaintiff not only to show poverty but also to identify a viable claim for relief.

It is in the latter respect that Rizzo founders. Whether or not he might perhaps have a Section 1983 claim against someone (a question that need not be answered here, particularly because Rizzo's statement of an alleged constitutional violation is quite unclear), what is plain here is that neither County nor Wheaton is a proper Section 1983 target.

Indeed, here is what the Complaint says on that score:

> DuPage County and the City of Wheaton are responsible for their states attorney's because the State's Attorney's work in DuPage County and The City of Wheaton, and can be proven by using federal law. The County and City are also plaintiff's in the felony case.

As for the first of those sentences, respondeat superior liability is inapplicable to Section 1983 claims, a principle announced in Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 691 (1978) and repeated countless times since then. And as for the second sentence, it is simply not true that either County or Wheaton is "plaintiff" in any felony case--all state court prosecutions are brought by the People of the State of Illinois (and, indeed, the earlier part of Rizzo's Complaint specifically reflects that).

Accordingly the Application is denied, and the Motion is rendered moot.[1] If Rizzo does not pay the $350 filing fee on or before October 1, 2010, the Complaint and this action will be dismissed.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 17, 2010

---

[1] In the latter respect, however, the Motion's recital that Rizzo has placed four telephone calls that were not returned by the law school offices listed by him does not satisfy his obligation to exercise reasonable efforts to obtain counsel on his own.